IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAVON ROY, | § | |
| | § | No. 568, 2017 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. N1612015609 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: October 31, 2018
Decided: November 14, 2018

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 14th day of November, 2018, having considered the briefs and the record below, it appears to the Court that:

(1)    Police arrested Savon Roy on December 25, 2016, and charged him with attempted robbery in the first degree, possession of a firearm during the commission of a felony, wearing a disguise during the commission of a felony, possession, purchase, ownership, or control of a firearm by a person prohibited, offensive touching, and reckless endangering in the first degree. A Superior Court jury convicted Roy of all charges. Roy has appealed his convictions, arguing that the Superior Court erred by allowing into evidence the victim's statement to police

under the excited utterance exception to the hearsay rule. Because we find that the Superior Court properly applied the law and did not abuse its discretion in admitting the victim's statement, we affirm.

(2)     At trial, the victim testified that in the early morning hours of December 25, 2016, after parking his car in his driveway, a man approached wearing dark or black clothing and a ski mask and pointed a gun at him. The victim put his hands up but eventually grabbed the gun. A struggle ensued and with the masked man's hand on the trigger, a shot was fired into a neighboring home. After the shot, the masked man fled on foot, leaving behind the gun and a cell phone.

(3)     New Castle County Police were dispatched to the area after a report of an attempted robbery and shots fired. Upon arrival at the victim's home, Officer Stephen Przeworski interviewed the victim twice. The victim testified that during the first interview Przeworski asked him to come outside and to reenact what happened. During the second interview, about "15 to 20 minutes later,"[1] the victim told Przeworski that the masked man said during the hold-up "[g]ive me everything you got."[2] Officer Przeworski testified that the victim was "very scared," "in shock," and twenty minutes after the first interview was "still in shock."[3]

---

[1] App. to Opening Br. at A24 (Tr. of Przeworski Testimony).
[2] *Id.*
[3] *Id*.

2

(4) During trial, the Superior Court held a hearing on the State's request to allow Officer Przeworski to testify that the victim told the officer that the robber said "[g]ive me all you got" during the robbery. The State argued that the statement was admissible as a present sense impression and as an excited utterance because the statement was made while under the stress of the attempted robbery. Roy responded that the excited utterance exception to the hearsay rule did not apply because the victim testified he was calm during the attempted robbery and therefore not excited. Without deciding whether the statement was a present sense impression, the Superior Court allowed the testimony, ruling that in spite of "some differing evidence" the officer's testimony supported the victim's excitement during both interviews.[4] The court noted that Przeworski's training had afforded him specialized knowledge to recognize and record such details during victim interviews.[5] The court also ruled that Roy was free to argue to the jury, to the extent that he knew, that the victim remained calm during his testimony to the officer.[6] After a two-day trial, the jury convicted Roy of all charges.

(5) On appeal, Roy argues that the Superior Court abused its discretion by admitting the victim's out of court statement through Officer Przeworski. He raises the same argument raised in the trial court—the victim's statement should have been

---

[4] *Id.* at A23.
[5] *Id.*
[6] *Id.*

3

excluded because his calm demeanor during the event directly contradicts the officer's statements that the victim was "very scared," "in shock," and 20 minutes later "still in shock."[7] The State responds that the statement was properly admitted because the Superior Court found that the victim was still under the stress of the event during both interviews with police. The State argues that staying calm during the confrontation does not mean that the victim remained calm after the attempted robbery when Officer Przeworski talked to him about the event. According to the State, when the context is considered—the victim was held up in the dark, by a man in a ski mask, pointing a gun, which led to a struggle, and a shot fired with the victim not knowing whether he had been hit—it was expected that the victim would still be in shock and scared when he spoke with the officer.

(6) This Court reviews the Superior Court's decision to admit or exclude evidence for abuse of discretion.[8] "An abuse of discretion occurs when a court has exceeded the bounds of reason in view of the circumstances, or so ignored recognized rules of law or practice to produce injustice."[9]

(7) Under Delaware Rule of Evidence 803, an excited utterance is an exception to the hearsay rule when "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the

---

[7] *Id.* at A24.
[8] *Urquhart v. State*, 133 A.3d 981, 981 (Del. 2016).
[9] *Culp v. State*, 766 A.2d 486, 489 (Del. 2001) (internal citations omitted).

event or condition." The proponent of the excited utterance must show: "(1) the excitement of the declarant [was] precipitated by an event; (2) the statement being offered as evidence [was] made during the time period while the excitement of the event was continuing; and (3) the statement [was] related to the startling event."[10]

(8) The Superior Court did not abuse its discretion when it admitted the victim's statement through Officer Przeworski. While other arguments might have been raised questioning the use of the excited utterance exception, Roy raises only a single argument on appeal—the trial judge erred because the victim testified that he was calm during the attempted robbery. But Roy mischaracterizes the victim's testimony. The victim testified that he remained calm *during* the attempted robbery because he thought reacting otherwise would put him in danger of being shot.[11] The only evidence of the victim's demeanor during police questioning came from the police officer, who testified that the victim was scared and in shock during both interviews. Thus, we find that the Superior Court did not err in accepting the police officer's testimony about the victim's mental state during the two interviews, and thus the victim's statement was made "during the time period while the excitement of the event was continuing."

---

[10] *Urquhart*, 133 A.3d at 981.

[11] App. to Opening Br. at A16 (the victim described his thought process during the event as, "more like a what should I do, like cause just doing sometimes might get you like shot." Further, he stated that he "tried to agree or obey" with any demands.). *Id.*

5

NOW, THEREFORE, it is hereby ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice